**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-30154 |
| Plaintiff-Appellee, | D.C. No. 1:21-cr-00043-SPW-1 |
| v. | |
| ERIC ANTONIO ESPINOZA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Argued and Submitted September 15, 2023
Seattle, Washington

Before: W. FLETCHER, R. NELSON, and COLLINS, Circuit Judges.

Following the district court's denial of his motion to suppress, Defendant-

Appellant Eric Antonio Espinoza entered a conditional plea of guilty to a single

count of possession of methamphetamine with intent to distribute, reserving his

right to appeal that adverse order. *See* FED. R. CRIM. P. 11(a)(2). On appeal,

Espinoza contends that there was insufficient probable cause to support the state

court search warrant of the residence at which he was staying. We review a district

court's denial of a suppression motion de novo, and its underlying factual findings

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

for clear error. *United States v. Brown*, 563 F.3d 410, 414 (9th Cir. 2009). We affirm.

A warrant is supported by probable cause if, "under the totality of the circumstances, it reveals 'a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Garay*, 938 F.3d 1108, 1113 (9th Cir. 2019) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)); *see also United States v. Perkins*, 850 F.3d 1109, 1119 (9th Cir. 2017). "[P]robable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Gates*, 462 U.S. at 243 n.13; *see also United States v. Flores*, 802 F.3d 1028, 1044 (9th Cir. 2015) (noting that the probable cause standard is "less even than a preponderance of the evidence"). We conclude that the facts recounted in the affidavit supporting the challenged search warrant were sufficient to establish the requisite "fair probability" that evidence of crime would be found at the subject residence.

In the warrant affidavit, the attesting officer stated that in May 2021 he had received a tip that the subject residence was being used by "numerous individuals" who were engaged in "the distribution of dangerous drugs" on behalf of a Phoenix-based drug trafficking organization. The tip was corroborated in the penultimate week of May when members of a Montana task force investigating that organization "were able to purchase substantial methamphetamine" from two

persons who, after the transaction, were surveilled back to the subject residence. *See United States v. Luong*, 470 F.3d 898, 903 (9th Cir. 2006) (noting that unsourced information in a warrant affidavit may be entitled to weight when it predicts "future actions" that "are subsequently corroborated by the police"). Thereafter, on June 1, the affiant and other officers conducted surveillance on another individual whom a tip suggested was involved with the organization. They saw that individual engage in a suspicious transaction with a person known by the task force "to be a large[] distributor of dangerous drugs within the Billings area." The affiant believed that the transaction was a drug deal "due to the brief duration of the meeting" and the task force's knowledge of the distributor. After the transaction concluded, the individual was also surveilled back to the subject residence. The officers were able to verify that this individual was staying at the subject residence (rather than merely visiting it momentarily) because he was later observed leaving, shopping at a local grocery store, and then returning to and unlocking the door of the subject residence. The affiant further stated that, based on his training and experience, he believed that evidence of drug trafficking activity would be found in a residence that was being used by the target organization. *See United States v. Milner*, 962 F.2d 908, 913 (9th Cir. 1992) ("Police may use their experience, special training, and expertise to determine that probable cause existed."); *United States v. Underwood*, 725 F.3d 1076, 1082 (9th

3

Cir. 2013) (noting that "drug traffickers often keep evidence of their trafficking activities . . . at their homes").

Although not overwhelming, these facts are sufficient to establish a "fair probability" that the subject residence was then being used for drug trafficking and that evidence of such activity would be found within it. The state court warrant based on the affidavit was therefore supported by probable cause. On that basis, we affirm the district court's denial of Espinoza's motion to suppress.

**AFFIRMED.**